PER CURIAM.
 

 |, Plaintiff, Shirley Frught, filed the instant suit against her homeowners insurer, Lafayette Insurance Company (“Lafayette”), seeking the amount of her full policy limits for property damage sustained to her home during Hurricane Katrina. Plaintiff filed a motion for partial summary judgment, arguing that Lafayette owes her
 
 *271
 
 the entire value of her homeowner’s policy pursuant to La. R.S. 22:695,
 
 [1]
 
 the Louisiana Valued Policy Clause. Lafayette filed a cross-motion for partial summary judgment, arguing that it is entitled to an offset for the amount plaintiff received from her flood insurer.
 

 The district court granted plaintiffs motion for summary judgment, and denied Lafayette’s motion for summary judgment. Upon Lafayette’s application, a five-judge panel of the court of appeal, in a split decision, granted the writ, reversed the summary judgment rendered in favor of plaintiff, and granted summary judgment in favor of Lafayette. Two judges on the panel concurred in the judgment reversing summary judgment in favor of plaintiff, but dissented insofar as the majority granted summary judgment in favor of Lafayette. These judges would have denied summary judgment and remanded the case for trial.
 

 In
 
 Landry v. Louisiana Citizens Property Ins. Co.,
 
 07-1907 at p. 14 (La.5/21/08), 983 So.2d 66, 80, we explained that the language of the Louisiana |2Valued Policy Clause “clearly provides that if an insurer places a value on covered property and uses that valuation to determine the premium charged the insured, in the case of total loss the insurer shall compute and compensate any covered loss of the property at that valuation without deduction or offset unless a different method of loss computation is set forth in the policy and policy application in type of equal size.” [emphasis added]. Although the district court recognized that it appears Lafayette’s policy contained the same “actual cash value” provision as the policy at issue in
 
 Landry,
 
 the court concluded there were questions of fact as to whether the policy application contained this language. In light of this factual dispute, summary judgment in favor of Lafayette is inappropriate.
 

 Accordingly, the writ is granted. The judgment of the court of appeal is reversed insofar as it grants Lafayette’s motion for summary judgment. The case is remanded to the district court for further proceedings.
 

 [1]
 

 . In 2008, La. R.S. 22:695 was renumbered as La. R.S. 22:1318, but was otherwise left unchanged.